09-1020-ag
Chen v. Holder

BIA
A078 412 192

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of December, two thousand nine.

PRESENT:
        GUIDO CALABRESI,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
                *Circuit Judges*.

_____

LI YING CHEN,
        *Petitioner*,

        v.                                    09-1020-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Cora J. Chang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,

**Assistant Director; Joan H. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li Ying Chen, a native and citizen of the People's Republic of China, seeks review of a February 20, 2009 order of the BIA denying her motion to reopen. *In re Li Ying Chen*, No. A078 412 192 (B.I.A. Feb. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Chen's second motion to reopen filed in October 2008 was untimely and number-barred when the BIA issued a final order of removal in February 2003. *See* 8 C.F.R. § 1003.2(c)(2). However, there are no time and numerical limitations for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in

the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably found that Chen did not qualify for such an exception.

**A.   Family Planning Claim**

Chen argues that the BIA erred in failing to adequately consider as evidence of changed country conditions the Notice from family planning officials in the record, entitled "Documentation of Tantou Town Birth Control Office of Changle City" ("Notice"). The BIA did not err in summarily concluding that the unauthenticated and unsigned Notice that Chen submitted did not demonstrate material changed circumstances in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

Because the BIA did not abuse its discretion in summarily considering and rejecting the Notice that Chen submitted as evidence of changed circumstances in China, *see id.*, it reasonably denied her motion to reopen as untimely and number-barred, *see* 8 C.F.R. § 1003.2(c). Accordingly, we need not consider Chen's argument that she demonstrated her *prima facie* eligibility for relief based on the family planning policy. *See* 8 C.F.R. § 1003.2(c).

**B.  Christianity Claim**

The BIA also did not err in declining to reopen Chen's proceedings based on her new practice of Christianity because she failed to submit an application for asylum regarding such a claim for relief. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief."). In addition, the BIA did not err in finding that Chen's new practice of Christianity constituted a change in her personal circumstances and not a change in country conditions excusing the time and numerical limitations for filing her motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). The BIA also reasonably found that Chen failed to demonstrate material changed country conditions related to her Christianity claim because she did not submit in support of her motion any country conditions evidence discussing the treatment of Christians in China. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Accordingly, the BIA did not abuse its discretion in denying her untimely and number-barred motion to reopen to apply for relief based on

4

her religion.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Wei Guang Wang*, 437 F.3d at 273-74.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____